CAROL M. BRAGG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bragg v. Commissioner
Docket No. 4411-77.
United States Tax Court
T.C. Memo 1977-418; 1977 Tax Ct. Memo LEXIS 24; 36 T.C.M. (CCH) 1697; T.C.M. (RIA) 770418; December 6, 1977, Filed *24 Carol M. Bragg, pro se. W. Terrence Mooney, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: In this case, involving an income tax deficiency of $74 for 1975, respondent has filed a motion to dismiss for failure to state a claim upon which relief can be granted. Petitioner claimed a "war tax credit" on her income tax return for 1975 and reported no liability. Respondent determined that the credit was not allowable. The petitioner alleges that payment of "taxes for war" would "constitute a violation of her rights under the First Amendment to the United States Constitution, which prohibits Congress from establishing laws which interfere with the free exercise of religion." To the petition is attached a letter in which petitioner states that she is closely associated with the Religious Society of Friends. The letter quotes a portion of the "Declaration of 1660" presented to King Charles II of England and argues that the First Amendment provides legal ground for petitioner's refusal to pay taxes. Respondent's motion must be granted. This Court's position that the First Amendment does not relieve a pacifist of his duty to pay *25 taxes was stated in Muste v. Commissioner,35 T.C. 913, 919 (1961), as follows: On brief and in the statements which the petitioner filed with the respondent in lieu of filing returns, he emphasizes that in his opinion one who has conscientious or religious scruples against war should not only refuse to engage in war but should go even further and refuse to pay a tax which may be used in whole or in part for the prosecution of war. He seems to premise his argument upon the assumption that the Constitution safeguards a pacifist or conscientious objector from a requirement of military service. In this he is wrong; it is well established that no man has a constitutional right to be free from a call to military service and that it is only by virtue of acts of Congress that conscientious objectors are exempt in whole or in part from military service. Arver v. United States,245 U.S. 366 (selective draft cases); United States v. Palmer,223 F.2d 893 (C.A. 3); and George v. United States,196 F.2d 445 (C.A. 9). It would seem to follow, afortiori, that the Constitution does not relieve a pacifist or a conscientious *26 objector of the duty to pay taxes, even though they may be used for war or for preparation for defense. Indeed, article I, section 8, of the Constitution specifically provides that the Congress shall have power to lay and collect taxes and provide for the common defense and general welfare of the United States, and to provide for and maintain an Army and a Navy. This article and the 16th amendment to the Constitution empower the Congress to lay and collect taxes on incomes from whatever source derived. If petitioner is to be relieved of her duty under the law to pay taxes, such relief must come from Congress, not the courts. Respondent's motion will be granted.
An appropriate order will be entered.